**Paul E. DAVIES, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Donald H. JANELLE, Additional Defendant on Counterclaim.**

**Civ. A. No. 81–2014–Z.**

United States District Court, D. Massachusetts.

July 24, 1985.

---

Kennard I. Mandell, Boston, Mass., for plaintiff.

Frederick Dashiell, Asst. U.S. Atty., Boston, Mass., Reba A. Raffaelli, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

David P. Monson, Thomas R. Jones, Dept. of Justice, Tax Div., Washington, D.C., for additional defendant on counterclaim.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff Paul E. Davies ("Davies") brings this action for refund of $600 paid under protest against tax assessments made by the Internal Revenue Service. The six assessments of a total of $20,940.71 were made against Davies individually, pursuant to 26 U.S.C. § 6672 (1982), for federal employment taxes withheld from the wages of employees of Dee-J's, Inc. but never paid to the United States. By counterclaim, the United States seeks to recover the amount of the assessments less certain amounts paid by plaintiff. The government has moved for summary judgment.

■ A person may be held liable individually for unpaid employment taxes if he is "required to collect, truthfully account for, and pay over" the taxes and willfully fails to do so. 26 U.S.C. § 6672 (1982); *Harrington v. United States*, 504 F.2d 1306 (1st Cir.1974). Davies concedes that, as a fifty percent shareholder of Dee-J's, Inc. whose signature, with that of the other half owner,[1] was required on all corporate checks, he is a "responsible person" within the meaning of § 6672. He maintains, however, that there remains a disputed issue of fact concerning the willfulness of his failure to ensure that the taxes were paid.

■ "Willful" failure to pay taxes within the meaning of § 6672 includes "a voluntary, conscious and intentional decision to prefer other creditors to the United States...." *Harrington*, 504 F.2d at 1311. Although an actor's state of mind often presents an issue of fact incapable of resolution on summary judgment, "evidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment on the question of willfulness." *Mazo v. United States*, 591 F.2d 1151, 1157 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Davies admitted in his deposition that he knew of the tax liabilities in September 1980 and that he signed checks payable to other creditors after that date. The government failed to ask Davies, however, if the checks he signed were in amounts greater than the amount of the tax

---

1. The government also assessed a 100% penalty against Donald H. Janelle, the other owner of Dee-J's, Inc., and named him as a counterclaim defendant. Neither Davies nor the government has been able to locate Janelle, and he has not been served with the counterclaim.

liability. It seeks to prove this missing link by submitting what purport to be statements of the Dee-J's, Inc. checking account. To authenticate these documents, defendant has submitted nothing more than the "declaration" of a law clerk in the United States Department of Justice that the statements were produced by plaintiff's counsel and are "[t]rue and correct copies of the bank statements." This declaration does not meet the requirements for affidavits in support of a motion for summary judgment, Fed.R.Civ.P. 56(e), 28 U.S.C.A. (1982), and I therefore will not receive the bank statements as evidence. Because the government has not proved the facts necessary to establish plaintiff's willfulness, defendant's motion for summary judgment is denied.